UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

ALFREDO GUZMAN, *individually and on behalf of others similarly situated,*

*Plaintiff,*

v.

BROADWAY GOURMET, INC. (d/b/a BROADWAY GOURMET FOOD MARKET ON SOHO) AND MARK H. KIM,

*Defendants.*

</td><td>

**ANSWER**
**AFFIRMATIVE DEFENSES**

1:25-cv-02676-AT

</td></tr>
</table>

Defendants VARLEY CORP., d/b/a BROADWAY GOURMET (*improperly pled as* "Broadway Gourmet, Inc. d/b/a: Broadway Gourmet Food Market on Soho") and MARK H. KIM (hereinafter collectively referred to as "Defendants"), by way of Answer to the Complaint, state as follows:

**AS TO "NATURE OF ACTION"**

1.      Defendants deny the allegations asserted in Paragraph 1 of the Complaint and leave Plaintiff to his proofs.

2.      Defendants admit Varley Corp., d/b/a Broadway Gourmet is located in New York, New York. Defendants deny the remaining allegations and leave Plaintiff to his proofs.

3.      Defendants deny the allegations asserted in Paragraph 3 of the Complaint and leave Plaintiff to his proofs.

4.      Defendants deny the allegations asserted in Paragraph 4 of the Complaint and leave Plaintiff to his proofs.

5.      Defendants deny the allegations asserted in Paragraph 5 of the Complaint and leave Plaintiff to his proofs.

6.      Defendants deny the allegations asserted in Paragraph 6 of the Complaint and leave Plaintiff to his proofs.

7.      Defendants deny the allegations asserted in Paragraph 7 of the Complaint and leave Plaintiff to his proofs.

8.      Defendants deny the allegations asserted in Paragraph 8 of the Complaint and leave Plaintiff to his proofs.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations asserted in Paragraph 10 of the Complaint and leave Plaintiff to his proofs.

11.     Defendants deny the allegations asserted in Paragraph 11 of the Complaint and leave Plaintiff to his proofs.

12.     Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 14 of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

15.     Paragraph 15 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 16 of the Complaint.

**AS TO "PARTIES"**

*Plaintiff*

17.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 17 and leave Plaintiff to his proofs.

18.     Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 18 of the Complaint.

*Defendants*

19.     Defendants admit that a food market under the name "Broadway Gourmet" is located in New York, New York. Defendants deny the remaining allegations and leave Plaintiff to his proofs.

20.     Defendants admit that Varley Corp., d/b/a Broadway Gourmet (*improperly pled as* "Broadway Gourmet, Inc. d/b/a: Broadway Gourmet Food Market on Soho"), is a domestic corporation organized and existing under the laws of the State of New York, and has a location in New York, New York. Defendants deny the remaining allegations and leave Plaintiff to his proofs.

21.    Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

## AS TO "FACTUAL ALLEGATIONS"

*Defendants Constitute Joint Employers*

22.    Defendants deny the allegations asserted in Paragraph 22 of the Complaint and leave Plaintiff to his proofs.

23.    Defendants deny the allegations asserted in Paragraph 23 of the Complaint and leave Plaintiff to his proofs.

24.    Defendants deny the allegations asserted in Paragraph 24 of the Complaint and leave Plaintiff to his proofs.

25.    Defendants deny the allegations asserted in Paragraph 25 of the Complaint and leave Plaintiff to his proofs.

26.    Paragraph 26 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations asserted in Paragraph 27 of the Complaint and leave Plaintiff to his proofs.

28.    Defendants deny the allegations asserted in Paragraph 28 of the Complaint and leave Plaintiff to his proofs.

29.    Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations asserted in Paragraph 30 of the Complaint and leave Plaintiff to his proofs.

31.     Defendants deny the allegations asserted in Paragraph 31 of the Complaint and leave Plaintiff to his proofs.

*Individual Plaintiff*

32.     Defendants deny the allegations asserted in Paragraph 32 of the Complaint and leave Plaintiff to his proofs.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

*Plaintiff Alfredo Guzman*

34.     Defendants deny the allegations asserted in Paragraph 34 of the Complaint and leave Plaintiff to his proofs.

35.     Defendants deny the allegations asserted in Paragraph 35 of the Complaint and leave Plaintiff to his proofs.

36.     Defendants deny the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiff to his proofs.

37.     Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiff to his proofs.

38.     Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiff to his proofs.

39.     Defendants deny the allegations asserted in Paragraph 39 of the Complaint and leave Plaintiff to his proofs.

40.     Defendants deny the allegations asserted in Paragraph 40 of the Complaint and leave Plaintiff to his proofs.

41.    Defendants deny the allegations asserted in Paragraph 41 of the Complaint and leave Plaintiff to his proofs.

42.    Defendants deny the allegations asserted in Paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43.    Defendants deny the allegations asserted in Paragraph 43 of the Complaint and leave Plaintiff to his proofs.

44.    Defendants deny the allegations asserted in Paragraph 44 of the Complaint and leave Plaintiff to his proofs.

45.    Defendants deny the allegations asserted in Paragraph 45 of the Complaint and leave Plaintiff to his proofs.

46.    Defendants deny the allegations asserted in Paragraph 46 of the Complaint and leave Plaintiff to his proofs.

47.    Defendants deny the allegations asserted in Paragraph 47 of the Complaint and leave Plaintiff to his proofs.

48.    Defendants deny the allegations asserted in Paragraph 48 of the Complaint and leave Plaintiff to his proofs.

49.    Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 50 of the Complaint.

*Defendants' General Employment Practices*

51.    Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations asserted in Paragraph 53 of the Complaint and leave Plaintiff to his proofs.

54.    Defendants deny the allegations asserted in Paragraph 54 of the Complaint and leave Plaintiff to his proofs.

55.    Defendants deny the allegations asserted in Paragraph 55 of the Complaint and leave Plaintiff to his proofs.

56.    Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 56 of the Complaint.

57.    Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 57 of the Complaint.

58.    Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations asserted in Paragraph 59 of the Complaint and leave Plaintiff to his proofs.

60.    Defendants deny the allegations asserted in Paragraph 60 of the Complaint and leave Plaintiff to his proofs.

61.    Defendants deny the allegations asserted in Paragraph 61 of the Complaint and leave Plaintiff to his proofs.

62.    Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations asserted in Paragraph 63 of the Complaint and leave Plaintiff to his proofs.

64.    Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 65 of the Complaint.

66.    Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 66 of the Complaint.

67.    Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 67 of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION CLAIMS"

68.    Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations asserted in Paragraph 70 of the Complaint and leave Plaintiff to his proofs.

## AS TO "FIRST CAUSE OF ACTION"
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

72.    Paragraph 72 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations asserted in Paragraph 73 of the Complaint and leave Plaintiff to his proofs.

74.    Paragraph 74 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 77 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations asserted in Paragraph 81 of the Complaint and leave Plaintiff to his proofs.

## AS TO "THIRD CAUSE OF ACTION"
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

83.     Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations asserted in Paragraph 86 of the Complaint and leave Plaintiff to his proofs.

### AS TO "FOURTH CAUSE OF ACTION"
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

87.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

88.     Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations asserted in Paragraph 90 of the Complaint and leave Plaintiff to his proofs.

### AS TO "FIFTH CAUSE OF ACTION"
### VIOLATION OF THE NOTICE REQUIREMENTS OF THE NEW YORK LABOR LAW

91.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

92.     Paragraph 92 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations asserted in Paragraph 93 of the Complaint and leave Plaintiff to his proofs.

### AS TO "SIXTH CAUSE OF ACTION"

11

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

94.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

95.     Paragraph 95 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations asserted in Paragraph 96 of the Complaint and leave Plaintiff to his proofs.

## AS TO "PRAYER FOR RELIEF"

Defendants deny all of the allegations asserting prayer for relief, and its subparagraphs, and aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrines of

12

laches, delay, waiver, estoppel, acquiescence, and or excuse.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

### NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not "employers" under the FLSA, or the NYLL, and they are not "joint employers."

### TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked and/or unsatisfactory job performance.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's damages, and the alleged damages of each putative member of the purported class defined in the Complaint as others similarly situated, if any, were caused by their own actions and/or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they have ratified the activities of the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fails to state a claim upon which compensatory, punitive, or liquidated damages may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful but occurred in good faith and were based upon reasonable factors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, because the work alleged to be unpaid is invalid.

## TWENTIETH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they fail to satisfy class and or collective action criteria and therefore cannot proceed as a class or collective action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The types of claims alleged by Plaintiff on behalf of himself and on behalf of the purported class defined in the Complaint as others similarly situated, the existence of which is expressly

denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     If Defendants' alleged failure to pay Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYLL.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     If Defendants' alleged failure to pay Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by their knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims, and the claims of each putative member of the purported class defined

in the Complaint as others similarly situated are barred, in whole or in part, because such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint fails to the extent it asserts an action on behalf of others similarly situated because Plaintiff is not an adequate representative of the purported class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. The Complaint fails to the extent it asserts a class type action because the claims alleged by Plaintiff are neither common to nor typical of those of the class they purport to represent, as defined in the Complaint as others similarly situated.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for class certification or collective action and, therefore lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Defendants acted in good faith at all times and without fraud or malice toward Plaintiff and each putative member of the class they purport to represent.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because they are exempt under the applicable statues and regulations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, as defendants are not joint employers.

## ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper and just.

Date:   June 12, 2025

Law Offices of Michael Chong, LLC

s/*Michael K. Chong*

Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

32 East 57th Street, 8th Fl.
New York, NY 10022
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com

18